# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ERIC D. MOFFETT,

    Plaintiff,

v.

C.O. HAGAN; and WARDEN STANLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-108

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hays State Prison in Trion, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 contesting conditions of his confinement while housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff's Complaint centers on an altercation he had with Defendant Hagan, a Correctional Officer at Georgia State Prison, on March 10, 2015. (Id. at p. 6.) On that date, Defendant Hagan was giving Plaintiff cups of ice through the tray flap in Plaintiff's cell. Id. However, once Hagan noticed that Plaintiff was naked, she refused to provide Plaintiff any more ice and cursed at him. Id. Plaintiff then slapped two cups off of his tray box and told Hagan to call the Officer in Charge. Id. After some back and forth between Plaintiff and Hagan, Hagan sprayed Plaintiff (presumably with pepper spray) and slammed the flap secure hitting Plaintiff's finger. Id. Plaintiff suffered a broken nail, pain in his hand, and swelling approximately twenty

minutes after the incident.  Id.  Plaintiff was seen in medical after the incident, where medical staff took a picture of his hand and told him that he would see a doctor the next morning.  (Id. at p. 7.)  In his Complaint, Plaintiff sought injunctive relief, as well as compensatory damages in the amount of $50,000 and punitive damages in the amount of $50,000 against Defendant Hagan and Defendant Stanley Williams, the Warden of Georgia State Prison.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law, which the Court discusses as follows.

**DISCUSSION**

**I.     Claims Against Defendants in Their Official Capacities**

Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief, and these claims should be **DISMISSED**.

**II.    Supervisory Liability Claims Against Defendant Williams**

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[1] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege

---

[1] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

4

(1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff has sued Defendant Williams based solely on his position as the Warden of Georgia State Prison. Plaintiff does not allege any facts that could lead to the plausible conclusion that Defendant Williams was personally involved in or otherwise causally connected to Defendant Hagan's use of force. Rather, Plaintiff states that, as the Warden, Defendant Williams is "legally responsible for the operation of GSP and for the welfare of all the inmates." (Doc. 1, p. 7.) As set forth above, this is not a cognizable theory of recovery under Section 1983. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant Williams.

### III. Dismissal of Claims for Injunctive Relief

An inmate's claim for injunctive relief against prison officials is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam ) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Plaintiff has been transferred from Georgia State Prison to Hays State Prison. (Doc. 8.) Thus, he is no longer under the control of Defendants. Consequently, the Court should **DISMISS AS MOOT** Plaintiff's claims for injunctive relief.

**IV.     Dismissal of Claims for Compensatory and Punitive Damages**

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976–79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532.

In Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit stated that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minim[i]s* physical injury." Id. (internal citations omitted) (alterations in original). Consequently, a prisoner that has not suffered more than *de minimis* physical injury cannot recover compensatory or punitive damages. Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) ("Plaintiff seeks nominal, compensatory, and punitive damages. It is clear from our case law, however, that the latter two types of damages are precluded under the PLRA."), *abrogated*

*on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011). "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir.2002). "The meaning of the phrase 'greater than *de minimis*,' however, is far from clear." Chatham v. Adcock, 334 F. App'x 281, 284 (11th Cir. 2009).

In this case, Plaintiff has only alleged *de minimis* physical injury resulting from Defendants' alleged excessive use of force. Plaintiff claims that Defendant Hagan sprayed him (presumably with pepper spray). However, he does not state that the spray caused him any injury whatsoever. Furthermore, even if Plaintiff had described the typical effects associated with pepper spray, such as temporary burning of the skin and difficulty breathing, several courts have held that such conditions are not sufficient to satisfy Section 1997(e)'s physical injury requirement. See, e.g., Jennings v. Mitchell, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that prisoner who suffered the discomfort of pepper spray had shown only *de minimis* injury, insufficient to satisfy § 1997e(e)); Kirkland v. Everglades Corr. Inst., No. 12-22302-CIV, 2014 WL 1333212, at *6 (S.D. Fla. Mar. 31, 2014) ("If [plaintiff] experienced temporary chemical burns and minor respiratory problems from exposure to a chemical agent, he then sustained only minor, physical injuries from the chemical spray."); Gardner v. Cty. of Baldwin, No. CIV.A. 12-0281-CG-C, 2014 WL 171839, at *13 (S.D. Ala. Jan. 15, 2014) ("[P]laintiff's injuries appear to be the typical physical response to being sprayed with pepper spray."); Thompson v. Quinn, No. 3:11cv533/RV/EMT, 2013 WL 2151715, at *12 (N.D. Fla. May 16, 2013) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent where only allegation of physical injury was burning sensation on his body); Magwood v.

7

Tucker, No. 3:12cv140/RV/CJK, 2012 WL 5944686, at *5 (N.D. Fla. Nov. 14, 2012) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent where he alleged he suffered bloody nose and bloody phlegm); Robinson v. Tifft, No. 3:11cv560/LAC/CJK, 2012 WL 2675467, at *2 (N.D. Fla. June 1, 2012) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent where he alleged he suffered "involuntary closing and burning sensation" in his eyes and was temporarily blinded); Kornagay v. Burt, No. 3:09cv281/LAC/EMT, 2011 WL 839496 (N.D. Fla. Feb. 8, 2011) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent where prisoner alleged he suffered burning lungs and skin, congested breathing, tearing eyes, nasal discharge, dizziness, the sensation of respiratory distress, choking, and burns to his scalp); Beecher v. Jones, No. 3:08cv416/MCR/EMT, 2010 WL 5058555, at *5–6 (N.D. Fla. Oct. 29, 2010) (prisoner who alleged no physical injury arising from use of chemical agents failed to show requisite physical injury under § 1997e(e)); see also Quinlan v. Personal Trans. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) (unpublished) (pretrial detainee's complaints of a headache for several hours after being denied use of his asthma inhaler, difficulty breathing, temporary chest pain, and lingering back pain that caused him to walk hunched over, which resulted from him being transported in a smoked-filled van while handcuffed, were not greater than *de minimis* and therefore did not provide the necessary physical injury to recover for mental and emotional injuries).

Plaintiff also alleges that Hagan's slamming of his tray flap broke or bruised his fingernail and caused some pain in his hand and swelling twenty minutes after the incident. (Doc. 1, p. 6.) Courts have repeatedly found that such minor discomforts do not cross Section 1997e(e)'s *de minimis* threshold. See, e.g., Dixon v. Toole, 225 F. App'x 797, 799 (11th

Cir. 2007) ("mere bruising from the application of restraints is only a *de minimis* injury."); Nolin v. Isbell, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury); Mosley v. Medlin, No. CV 313-086, 2015 WL 106230, at *3 (S.D. Ga. Jan. 7, 2015) ("In this case, Plaintiff alleges only a contusion that was healed by the time he was transferred to another facility. Accordingly, Plaintiff's "physical injury" may not be considered greater than *de minimis*."); see also Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 n.3 (11th Cir. 2014) (describing an approach of asking whether the injury would require a free world person to visit an emergency room or doctor) (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.")).

In this case, Plaintiff does not describe any lasting effects of the incident such as continued pain, and the only treatment he describes is the medical department's taking a picture of his finger. Because Plaintiff has failed to allege that Defendant Hagan's actions caused more than a *de minimis* injury, the Court should **DISMISS** his claims for compensatory and punitive damages.

## V.  Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

---

[2] A certificate of appealability is not required in this Section 1983 action.

9

context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Plaintiff's transfer to another facility moots his claims for injunctive relief, and his failure to allege more than a *de minimis* injury thwarts his claims for compensatory and punitive damages. Plaintiff does not seek any other relief in this case. For these reasons, and the others set forth above, I **RECOMMEND** that the Court **DISMISS** this case and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 15th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA